IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAVEH ABEDI,                                      )
                                                  )
                              Petitioner,          )
                                                  )
        v.                                         )        Case No. 25-3141-JWL
                                                  )
C. CARTER, Warden, FCI-Leavenworth,               )
KRISTI NOEM, Secretary,                            )
    Department of Homeland Security; and          )
CHRISTOPHER CHAMBERLAIN,                           )
    Acting Assistant Field Office Director,       )
                                                  )
                              Respondents.          )
                                                  )
_____)

## MEMORANDUM AND ORDER

On July 21, 2025, petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native and citizen of Iran. In 2002, after his conviction of drug offense in California state court, petitioner was taken into custody by immigration officials. Removal proceedings were initiated, and in September 2002 petitioner was granted deferral of removal, meaning he could not be removed to his home country of Iran. In December 2002, petitioner was released from custody subject to an Order of Supervision (OSUP). On June 22, 2025, officials revoked petitioner's release, and he was taken into custody the following day. Petitioner is presently detained within this judicial district. On July 21,

2025, petitioner filed the instant petition. Respondents filed an answer to the petition, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.[1]

The Court first rejects petitioner's argument that, pursuant to 8 U.S.C. § 1231(a)(1), he may only be detained under his existing removal order when that order becomes final or may be executed after judicial review or upon petitioner's release from incarceration. Petitioner has cited no authority, however, to support the position that an alien may only be detained in those enumerated instances. In fact, the cited provision does not speak of detention, but merely provides that an alien shall be removed within a period of 90 days (the removal period), which period begins on the latest date of those three occurrences. *See id.* § 1231(a)(1)(A)-(B). It would be illogical to suggest that an alien who was previously released under an OSUP may never be detained again for the purpose of removal. *See Qui v. Carter*, 2025 WL 2770502, at *1 (D. Kan. Sept. 26, 2025) (Lungstrum, J.) (rejecting this argument) (citing *Tanha v. Warden*, 2025 WL 2062181, at *7-8 (D. Md. July 22, 2025)).

The Court also rejects petitioner's argument that because petitioner did not violate the terms of his OSUP, officials lack the authority to detain him. The relevant statute, 8 U.S.C. § 1231, authorizes supervised release after expiration of the removal period and does not prohibit the revocation of that release. *See id.* Moreover, the applicable regulations clearly provide for revocation of release. *See* 8 C.F.R. §§ 241.4(*l*), 241.13(i). Petitioner has cited no authority supporting a claim that supervised release may never be

---

[1] By Order of August 5, 2025, the Court denied petitioner's request for an injunction against his removal or transfer.

revoked absent a violation of the terms of release.  The Court rejects an interpretation that would prohibit the eventual removal of an alien once released.

The Court next rejects petitioner's claim that his detention has become unreasonably indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In that case, the Supreme Court held that although an alien may not be detained indefinitely, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal.  *See id.* at 699-701.  The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *See id.* at 701.  Petitioner argues that the six-month period expired in his case over 20 years ago, shortly after petitioner's initial removal order was issued.  Again, however, the Court rejects such a position that would automatically make any re-detention of a previously-released alien unreasonable.  The Court has previously rejected the argument that the Supreme Court's six-month presumptively-reasonable period of detention under *Zadvydas* does not restart upon detention of an alien previously released on an OSUP.  *See Liu v. Carter*, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) (Lungstrum, J.) (citing authority).  Thus, because petitioner has only been detained since June 2025, a period of less than four months, his detention remains presumptively reasonable under *Zadvydas*.[2]

---

[2] Of course, if petitioner's continued detention without removal continues beyond the six-month period and becomes unreasonably indefinite, and he can satisfy the applicable standard under *Zadvydas*, petitioner is free to file a new habeas petition seeking his release.

Finally, the Court denies petitioner's claims based on alleged violations of applicable regulations relating to the revocation of his supervised release. Petitioner claims that he did not receive any notice relating to the revocation, but respondents have submitted evidence that petitioner was provided with a copy of the notice, and petitioner included a copy of that notice with his petition; accordingly, the Court cannot find such a violation here. Petitioner also claims that that notice is not sufficient and that he was not given the required interview, but he has not explained how such violations prolonged his detention or caused him any other prejudice. This litigation of the habeas petition has afforded petitioner ample opportunity to state his position and to learn the Government's position in return. *See Qui*, 2025 WL 2770502, at *2 (rejecting a similar argument).

Finally, the Court rejects petitioner's argument that immigration did not revoke his release based on changed circumstances regarding the likelihood of his removal, as required under 8 C.F.R. § 241.13(i)(2). Even assuming that officials did not properly make such a determination at the time of any revocation or petitioner's detention, revocation may be justified by a change in circumstances since that time. *See Qui*, 2025 WL 2770502, at *4 (citing *Nguyen v. Noem*, No. 25-057, Order at 24-25 (N.D. Tex. Aug. 10, 2025)) (habeas relief is forward-looking; required change in circumstances may occur after the initial revocation). Respondents have submitted evidence that Iran has indicated to immigration officials that it is willing to issue a travel document for petitioner if needed, and that officials are actively investigating the possibility of removal to two alternative countries identified by petitioner's wife. Thus, even in the few months since petitioner's detention, officials have been active in seeking petitioner's removal, and such activity changes the

ultimate likelihood of petitioner's removal in the reasonably foreseeable future. Accordingly, the Court cannot find that petitioner's present detention based on a revocation of his release is not justified under the applicable regulations, and the Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of October, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5